# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-11244
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 8, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Demarcus Deon Staples,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-237-1

---

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Demarcus Deon Staples pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) (prohibiting felons in possession), 924(a)(2) (outlining penalty for knowing violation). He contends for the first time on appeal that § 922(g)(1) is unconstitutional in the light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022)

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11244

(announcing rule for assessing whether statute infringes on Second Amendment).

Staples (as he concedes) did not preserve his constitutional claim in district court. Because he failed to so do, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Staples must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Staples cannot show the requisite clear-or-obvious error. *United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023) (rejecting plain-error challenge to § 922(g)(1) under *Bruen*).

AFFIRMED.